```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

SHARON RIVERS,

          **Plaintiff(s),**          **DECISION AND ORDER**
   **v.**                                              **06-CV-6391L**

CITY OF ROCHESTER, et al.,

          **Defendant(s).**

___

## Preliminary Statement

This action was commenced on May 1, 2006 in New York State Supreme Court, Monroe County and thereafter removed to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1441 on grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Notice of Removal (Docket # 1).

Currently pending before the Court is plaintiff's motion to amend the complaint to replace the "John Doe" defendants with six named Rochester Police Department ("RPD") Officers.[1] See Proposed Amended Complaint annexed as Exhibit 4 to Docket # 21.

___

[1] Docket # 21 contains plaintiff's motion to amend/correct complaint to add claims, motion to compel disclosure, and motion to amend to join individual police officers as defendants. On June 16, 2009, a hearing was held and arguments were heard from both parties. During the hearing, the Court ruled on plaintiff's motion to amend/correct complaint to add claims and motion to compel. With respect to the motion to amend to join defendants, the Court ordered the parties to provide supplemental briefing and scheduled a second oral argument for July 17, 2009. On July 17, 2009, the Court held a second hearing and heard arguments from both parties on plaintiff's motion for joinder, which is the only aspect of Docket # 21 which is still pending before the Court. Accordingly, this Decision only deals with plaintiff's motion to amend to join defendants.

**Relevant Facts**

This lawsuit stems from an incident that occurred during the early morning hours of January 29, 2005 when plaintiff, Sharon Rivers, alleges that various RPD Officers went to her home, banged on her front door, refused to identify themselves, entered her home without her permission with their weapons drawn, handcuffed her and transported her to the Psychiatric Ward of Rochester General Hospital. See Complaint annexed to Docket # 1. Plaintiff maintains that prior to the officers entering her residence, she called 911 numerous times because she was frightened and sought police protection due to the loud banging on her door. See Affidavit of Sharon Rivers (hereinafter "Rivers Aff.") annexed to Docket # 21 at ¶¶ 3-7. Plaintiff alleges that the 911 operator instructed her not to open her door because the police had not yet arrived at her residence. See id. at ¶ 8. According to plaintiff, defendant Rochester Management, Inc. allowed the police to enter her apartment without her permission whereupon police officers put her in handcuffs, pushed he to the floor and then "dragged her out of her house." See Complaint at ¶ 19. Plaintiff claims that defendant Rural Metro gave her a shot in her foot and then transported her "against her will to Psychiatric Ward of Rochester General Hospital" where she was shackled to a gurney and held against her will for over eight hours. Id. at ¶¶ 20-21.

Plaintiff's original complaint asserts seven causes of action against the City of Rochester, the RPD, and unnamed "John Doe" RPD Officers, including various constitutional and state law claims. Specifically, plaintiff asserts claims for (i) unlawful arrest, detention and excessive force; (ii) unreasonable seizure; (iii) denial of Due Process; (iv) false arrest and unlawful imprisonment; (v) negligent entry into plaintiff's home; (vi) negligent infliction of emotional distress; and (vii) failure to train. See Complaint annexed to Docket # 1. The Complaint also contains two causes of action against defendant Rochester Management, Inc., for the alleged breach of a lease agreement and the covenant of quiet enjoyment. See id. Finally, plaintiff claims that defendant Rural/Metro Corporation was negligent in providing, *inter alia*, unauthorized ambulance service and treatment. See id.

In the motion before the Court, plaintiff seeks leave to identify by name the six individual officers (previously listed as "John Doe" defendants) who were allegedly involved in the January 29, 2005 incident. See Declaration of R. Brian Goewey, Esq. [hereinafter "Goewey Decl."] annexed to Docket # 21 at ¶ 2. Plaintiff filed the instant motion on March 31, 2009 (Docket # 21), almost two years after the Court's deadline to make such a motion expired. See Scheduling Order dated February 28, 2007 (Docket # 10) (requiring that motions to join parties be filed by May 23, 2007). On April 21, 2007, defendants served their Response to

3

Plaintiff's First Set of Interrogatories.  See Exhibit "C" annexed to Docket # 24.  In their Response, defendants identified the six RPD officers who were involved in or observed the January 29, 2005 incident with plaintiff.  See id. at p. 1.  Thus, plaintiff has known the identities and badge numbers of the proper defendants since April 21, 2007, more than a month before the deadline to file a motion to join parties and eight months before the statutory limitations period expired.  Plaintiff did not seek an extension of the deadline to amend or add parties from either the Court or opposing counsel.

Plaintiff now claims "ongoing settlement negotiations" and several changes in counsel as the reasons for her failure to timely amend or request that the Court extend or stay the Scheduling Order's deadline.[2]  Plaintiff's current counsel, Mr. Brian Goewey, Esq., maintains that at the time he began representing plaintiff in early May 2008 he was "unaware" that the action's Scheduling Order required that the deadline for motions to join parties and amend pleadings was May 23, 2007.  See Goewey Decl. annexed to Docket # 21 at ¶ 20.  Mr. Goewey claims the reason plaintiff's prior counsel, Mr. Jeffrey Wicks, Esq., never filed a motion to join

---

[2] Plaintiff's current attorney, Mr. Goewey, is the third attorney plaintiff has had represent her in this action.  On January 21, 2007, plaintiff substituted Jeffrey Wicks for her initial counsel, Peter T. Rodgers; and, on May 6, 2008, plaintiff substituted her current attorney, Mr. Goewey, for Mr. Wicks.  See Goewey Decl. Annexed to Docket # 21 at ¶¶ 18-19.

4

parties and or amend the Complaint was because he was "focused on preparing for the settlement conference [scheduled for June 5, 2007] and settling the case." Id. at ¶ 23. According to Mr. Goewey, "Mr. Wicks may not have considered a motion to join parties or amend the pleadings because he did not want to ruffle feathers and take the focus off trying to settle the case." Id. at ¶ 24.

In opposition, defendants raise several issues. Defendants argue: (1) the motion is untimely under the Court's Scheduling Order, (2) plaintiff has not established "good cause" for failing to meet the deadline for moving to amend her pleadings as the six individual officers who plaintiff now seeks to add as defendants were identified and disclosed in defendants' disclosures which were provided to plaintiff in April 2007, more than a month before the deadline to join parties expired, (3) plaintiff has failed to satisfy the "relation back" requirements in Rule 15(c) of the Federal Rules of Civil Procedure ("FRCP"), and (4) the claims against the six new defendants are time barred and thus futile. See Defendants' Supplemental Memorandum of Law annexed to Docket # 31.

**Discussion**

"A district court has broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000). Pursuant to Rule 15(a)(2), leave to amend a

pleading should be freely granted, absent a showing of "excessive delay, prejudice to the opposing party, or futility."  Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000); Lucente v. Int'l Machs. Bus. Corp., 310 F.3d 243, 258 (2d Cir. 2002).  While defendants have raised a number of substantive objections to the proposed identification of the police officers previously named as "John Doe" defendants, I find the addition of the proposed new defendants to be barred by the applicable limitations period and hence will only address defendants' futility argument.

"Relation Back" and the Statute of Limitations: Under the Federal Rules of Civil Procedure, an amended complaint adding a new party will "relate back" to the filing of the original complaint for statute of limitations purposes only if certain conditions are met.  FRCP Rule 15(c)(1) is entitled "Relation Back of Amendments" and provides that an "amendment to a pleading relates back to the date of the original pleading when":

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The statute of limitations for a § 1983 action arising from events in New York is New York's three-year limitations period applicable to personal injury actions. <u>Ormiston v. Nelson</u>, 117 F.3d 69, 71 (2d Cir. 1997). Thus, unless the claims against the six new defendants "relate back" to the filing of her original complaint, plaintiff's claims against these officers are time barred because they are outside the three year statute of limitations.

<u>"Mistake" Under Rule 15(c)</u>: The Court will assume *arguendo* that plaintiff can satisfy two of the requirements of Rule 15(c)(1), that is (1) the newly identified RPD Officers are part of the same conduct, transaction and occurrence set forth in the original complaint, and (2) that the government attorney representing the City "knew or should have known" that the John Doe defendants would be named as defendants in the action. The third requirement is that plaintiff made "a mistake concerning the proper party's identity." It is this third requirement that plaintiff can not satisfy and which renders the proposed amendment futile.

A lack of knowledge concerning the identity of proper defendants does not constitute a "mistake" for purposes of the relation back rule. "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added

7

defendants were not named originally because the plaintiff did not know their identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996). Further, the use of "John Doe" defendants does not alter the statute of limitations analysis. "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Id. at 468 (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)); see also Peralta v. Donnelly, No. 04-CV-6559 (CJS), 2009 WL 2160776, at *4 (W.D.N.Y. July 16, 2009)("[A] plaintiff cannot rely on a John Doe defendant to serve as a place holder for purposes of circumventing the statute of limitations").

Here, plaintiff's original Complaint specifically alleged that "[a]t all times hereinafter mentioned, the Defendant, John Doe, was a police officer or officers employed by the City, whose name(s) and identity remains unknown at this time." See Complaint annexed to Docket # 1 at ¶ 6. Under Second Circuit precedent, this simply is not a "mistake" for purposes of relation back under Rule 15(c). See Barrow, 66 F.3d at 470.

Plaintiff's current counsel argues that plaintiff's "initial attorney of record apparently did not know when he filed the action in state court that he needed to name the individual Rochester Police Officers who were involved in the incident as defendants in

order to recover against the police officers for constitutional violations under 42 U.S.C. §1983." See Supplemental Declaration of R. Brian Goewey, Esq. (Docket # 32) at ¶ 29.  A mistake of law can constitute a mistake under Rule 15(c)(3) where a plaintiff initially sues a governmental agency and then later seeks to add the individual defendants based upon a legal misconception of the requirements of his cause of action.  For example, in Soto v. Brooklyn Corr. Facility, 80 F.3d 34 (2d Cir. 1996), the plaintiff-inmate sued the correctional facility under 42 U.S.C. § 1983, but failed to name the individual officers responsible for the alleged constitutional deprivation as defendants.  The Second Circuit allowed application of the relation back doctrine reasoning that plaintiff "was required to sue the individual defendants to maintain an action" so "[h]is failure to do so cannot be considered a matter of choice; but for his mistake as to the technicalities of constitutional tort law, he would have named the officers in the original complaint."  Id. at 37.

The Soto "mistake of law" holding does not, however, provide relief to plaintiff here.  First of all, there is no proof in the record that there was a legal misconception or a mistake of law by plaintiff's initial counsel.  The assertion by plaintiff's current lawyer that plaintiff's original lawyer "apparently did not know when he filed the action in state court that he needed to name the individual Rochester Police Officers who were involved in the

9

incident as defendants" is conjecture and unsupported by any evidence or affidavit from original counsel. Second, plaintiff's "mistake in law" argument is refuted by the allegations in the original complaint. Unlike Soto, this was not a case where a pro se plaintiff names only an institutional or governmental unit as a defendant and omits as defendants individuals responsible for the alleged constitutional deprivation. To the contrary, here plaintiff's original complaint names both the City and individual "John Doe" defendants in each and every cause of action. "It, therefore, appears that plaintiff knew he had to name the individual [police] officers in order to maintain a cause of action against them. Plaintiff's failure to do so seems to be a matter of choice rather than a 'mistake as to the technicalities of constitutional tort law.'" Green v. New York City Dep't of Corr., No. 93 Civ. 3360 SAS, 1997 WL 96548, at *5 (S.D.N.Y. Mar. 5, 1997)(citing Soto, 80 F.3d at 37)(where § 1983 complaint names "unknown" prison staff as defendants, plaintiff's failure to identify the names of the unknown defendants was not a "mistake of law" of the type contemplated by Rule 15(c)).

In sum, because plaintiff was not mistaken about the proper parties who needed to be named as defendants, she has not met the

"mistake" requirement of Rule 15(c).³ Accordingly, plaintiff's proposed claims against the six individual officers would not relate back to the filing of her original complaint and thus her amended claims are futile.

### Conclusion

Plaintiff's motion to amend/correct complaint (Docket # 21) is denied.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 30, 2010
Rochester, New York

---

³ Plaintiff has not argued that the "mistake" analysis would be any different if analyzed under New York law. See Fed R. Civ. Proc. 15(c)(1)(A). However, even assuming the New York rule was more lenient with respect to the naming of "John Doe" defendants after the statute of limitations had expired, my decision would remain the same as plaintiff was able to identify the John Doe defendants within the applicable limitations period. In April 2007, plaintiff learned the identities of the six individual RPD Officers when defendants served their initial disclosures and, therefore, could have moved to join parties by the Court's Scheduling Order deadline but failed to do so. Instead, plaintiff waited until March 31, 2009 to move to join the individual officers as defendants. See Sepulveda v. City of New York, 01 Civ. 3117(GBD), 2003 WL 22052870 at *3 (S.D.N.Y. Sept. 2, 2003) (there was no "mistake" concerning the party's identity because the identities of the two officers "were easily discoverable and provided to plaintiff" prior to expiration of the statute of limitations period).

11